**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

FRANK MARTINEZ ALVAREZ,

      Petitioner,

v.

TODD BLANCHE, Acting Attorney General
of the United States; MARKWAYNE
MULLIN, Secretary of the Department of
Homeland Security; TODD LYONS, Acting
Director of U.S. Immigration and Customs
Enforcement; MARY DE ANDA-YBARRA,
Field Office Director, ICE El Paso Field
Office; WARDEN, Otero County Processing
Center,

      Respondents.

Case No. 2:26-cv-00990-MIS-SCY

**ORDER DENYING WITHOUT PREJUDICE PETITION FOR WRIT OF HABEAS
CORPUS**

THIS MATTER is before the Court on Petitioner Frank Martinez Alvarez's pro se Petition

for Writ of Habeas Corpus ("Petition"), ECF No. 1, Memorandum of Law in Support thereof, ECF

No. 2, and Declaration of Frank Martinez Alvarez ("Martinez Decl."), ECF No. 3, filed April 1,

2026.  On April 14, 2026, the federal Respondents filed a Response.  ECF No. 9.  Upon review of

the Parties' submissions, the record, and the relevant law, the Court will **DENY** the Petition without

prejudice.

I.      **Background**

Petitioner is an immigration detainee at the Otero County Processing Center in Chaparral,

New Mexico.  See Pet. ¶ 2.  He is a native of Cuba who entered the United States in December

2014.  Id. ¶ 6.  Petitioner is subject to a final order of removal dated October 17, 2022.  Id. ¶ 12.

On January 23, 2026, Petitioner was stopped at a checkpoint on Highway 54 in New Mexico and taken into custody by U.S. Immigration and Customs Enforcement ("ICE") officers. Id. ¶ 8.  The Government attempted to remove Petitioner to Mexico, but Mexico refused to accept him, id. ¶ 14, and there are no plans to remove him to Cuba, id.; Martinez Decl. ¶ 20.  Petitioner has a pending cancellation of removal application.  Pet. ¶ 11.

On April 1, 2026, Petitioner filed the instant Petition for Writ of Habeas Corpus seeking immediate release from custody under reasonable conditions of supervision, or, alternatively, a bond hearing.  Id. at 4.

## II.     Discussion

Habeas corpus review is available if a noncitizen is "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3); see also Zadvydas v. Davis, 533 U.S. 678, 687 (2001).  Where, as here, the petitioner is subject to a final order of removal, detention is governed by Zadvydas, 533 U.S. at 682, and 8 U.S.C. § 1231.  The Government is expected to secure a noncitizen's removal within 90 days after issuing the removal order.  Zadvydas, 533 U.S. at 682; see also 8 U.S.C. § 1231(a)(1).  "[D]uring the 90-day removal period, … [the noncitizen] must be held in custody."  Zadvydas, 533 U.S. at 683 (citing 8 U.S.C. § 1231(a)(2)).  After that, the Government may continue detaining the noncitizen only for as long as is "reasonably necessary" to secure their removal.  Id. at 683, 689; see 8 U.S.C. § 1231(a)(6).  The Supreme Court determined that a six-month detention period is presumptively reasonable.  Zadvydas, 533 U.S. at 701.  "After this 6–month period, once the [petitioner] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing."  Id.

2

Here, a final order of removal was issued on October 17, 2022, Pet. ¶ 12, and Petitioner has been detained since January 23, 2026, id. ¶ 8. Petitioner is subject to mandatory detention during the 90-day removal period, which will expire April 23, 2026. See 8 U.S.C. § 1231(a)(2)(A) ("During the removal period, the Attorney General shall detain the" noncitizen). Even when the 90-day statutory removal period expires, Petitioner's detention is presumptively reasonable through July 23, 2026. See Zadvydas, 533 U.S. at 701. Therefore, Petitioner's detention is not unlawful and the Court cannot order his release.

Petitioner is also not entitled to a bond hearing. See Gregorio v. Warden, Case No. 2:26-cv-00657-JLT-SKO, 2026 WL 810004, at *2 (E.D. Cal. Mar. 24, 2026) ("Petitioner is … not entitled to a bond hearing because during the 90-day removal period set forth in § 1231(a)(1)(A), his detention is mandatory"); Johnson v. Guzman Chavez, 594 U.S. 523, 526 (2021) ("We conclude that § 1231, not § 1226, governs the detention of aliens subject to … orders of removal, meaning those aliens are not entitled to a bond hearing").

Because the Court cannot grant Petitioner relief at this time, the Court will deny the Petition without prejudice. Petitioner may file a new habeas petition under Zadvydas if his detention extends beyond the presumptively reasonable six-month period (i.e., after July 23, 2026) or if his detention otherwise becomes unlawful.

## III.   Conclusion

Therefore, it is **HEREBY ORDERED** that Petitioner Frank Martinez Alvarez's Petition for Writ of Habeas Corpus, ECF No. 1, is **DENIED WITHOUT PREJUDICE**.

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE

3